UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED TYRE NEWSOME SR., <br><br>                 Plaintiff, <br><br>       -against- <br><br> PAMELA SCHEININGER; THE NEW YORK CITY FAMILY COURTS; THE STATE OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF CORRECTIONS; THE CITY OF NEW YORK; OFFICER GUTIERREZ; OFFICER CLORES; OFFICER LAVIGAT; OFFICER ACEVEDO; OTHER OFFICERS OF THE NYPD; DETECTIVE KAREEM ANDERSON, <br><br>                 Defendants. | 24-CV-5265 (VSB) <br><br> ORDER OF SERVICE |

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. The Court construes the complaint as: (1) challenging the outcome of Family Court proceedings based on alleged fraud and retaliation by that court; (2) asserting claims of false arrest, malicious prosecution, and abuse of process; and (3) challenging, under the Second Amendment, a provision of an order of protection that allegedly "eliminate[d] [Plaintiff's] right to bear arms." (ECF 1 at 3, 8.) By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.    Challenges to Family Court Proceedings

#### 1.    The *Younger* Doctrine

If Plaintiff is asking the Court to grant injunctive and declaratory relief with respect to matters in an ongoing Family Court matter, the Court must abstain from hearing his claims under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). This doctrine has been extended to certain civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention is appropriate in three categories of pending state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). With respect to the third *Sprint* category, "federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their [orders and] judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022). The United States Court of Appeals for the Second Circuit has made it clear that "the way that New York courts manage their own divorce and custody proceedings [is] a subject in which '[New York has] an especially strong interest' " for the purpose of the third *Sprint* category of actions requiring *Younger* abstention. *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) (citation omitted).

Here, inasmuch as the Family Court proceedings underlying this complaint are pending, this Court cannot interfere with those proceedings. Although Plaintiff voices his disagreement with the findings of the Family Court, he has not alleged facts indicating special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to those proceedings. The *Younger* abstention therefore applies.

## 2. The *Rooker-Feldman* doctrine

The Court understands Plaintiff may also be asking the Court to review and overturn the judgment, and possibly other orders, in a Family Court matter. Congress has vested appellate jurisdiction over state court judgments exclusively with the United States Supreme Court. See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (["Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in

this Court. . . .”). A litigant seeking relief from a state court judgment may appeal within the state system and file a petition for a writ of certiorari to the United States Supreme Court. Federal district courts, such as this one, lack subject matter jurisdiction to review state court decisions.

Specifically, such claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp.*, 544 U.S. at 284 (holding that federal district courts are barred from deciding cases “brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.”); *see Harriot v. JP Morgan Chase Bank NA*, No. 16-CV-0211 (GBD), 2016 WL 6561407, at *3 (S.D.N.Y. Oct. 21, 2016) (Under *Rooker-Feldman*, “federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments, including claims that are inextricably intertwined with a prior determination of a state court.” (internal quotation marks and citations omitted)). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff lost in state court. His allegations suggest that a New York State Family Court entered a judgment against him. Second, Plaintiff complains that the judgment entered against him by the Family Court was based on fraud and retaliation, and resulted in him not having access to his child. These injuries are ultimately caused by the state court’s judgment.

Third, Plaintiff specifically asks the Court to review state court judgments. Finally, although Plaintiff does not provide the dates of the state court judgment, his allegations suggest that he may have filed this action after judgment was entered in his Family Court action.

Inasmuch as Plaintiff criticizes any final Family Court custody orders in a pending Family Court matter, in an effort to request that this Court overturn that final decision, the *Rooker-Feldman* doctrine bars this Court from granting Plaintiff such relief.

### B.    Immunities and Improper Defendants

#### 1.    Court Referee Scheininger

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Court referees are generally entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties. *See Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011); *Dudley v. Hochul*, No. 24-CV-0048, 2024 WL 1906594, at *8-9 (N.D.N.Y. May 1, 2024); *Khrapko v. Splain*, 389 F. Supp. 3d 199, 205 (W.D.N.Y. 2019).

Plaintiff fails to allege any facts showing that Court Referee Scheininger acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12; *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 712 (S.D.N.Y. 2011) (holding that a judge's decision to "issue a protective order . . . is clearly a judicial function, and there is no serious allegation that . . . [the judge] lacked all jurisdiction to issue the orders" in the matter before him); *Tota v. Ward,* No. 07-CV-26, 2008 WL 619163, at *3 (W.D.N.Y. Mar. 3, 2008) ("There is no dispute that [the defendant judge] had jurisdiction to issue an Order of Protection. The dispute is whether he did so properly. But whether he did or did not, [the judge] is nonetheless protected from suit by the doctrine of judicial immunity.")

Because Plaintiff sues Judge Scheininger for "acts arising out of, or related to, individual cases before" her, she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Scheininger because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

"[A] judge is not absolutely immune . . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10, n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-543 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief.") (summary order). Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.

§ 1983. as amended by Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317,

110 Stat. 3847, 3853 (1996); *see also Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005);

*McKnight*, 699 F. Supp. 2d at 524-25 (E.D.N.Y. 2010).

Here, Plaintiff could have sought declaratory relief in state court, but either failed to seek

such relief or his request for that relief was denied. *See e.g.*, *Bracci v. Becker*, No. 1:11-CV-1473,

2013 WL 123810, at *5 (N.D.N.Y. Jan. 9, 2013), *aff'd*, 568 F. App'x 13 (2d Cir. 2014) (finding

equitable claims barred by judicial immunity where plaintiffs did not seek declaratory relief in

state court or previous requests for such relief were denied). Therefore, the 1996 Amendments to

Section 1983 bar Plaintiff's claims for injunctive relief against Scheininger. Plaintiff's remedy, if

any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive

relief from this Court under Section 1983.

### 2.    Family Court

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The Family

Court, as a part of the New York State Unified Court System, is an arm of the State of New York.

*Id*. at 368 (explaining that the Family Court is part of the New York State Unified Court System

and "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign

immunity.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983

claims for damages against the "New York City Family Courts" are therefore barred by the

Eleventh Amendment and are dismissed for lack of jurisdiction.

### 3.    DOC and the City of New York

Plaintiff's claims against the New York City Department of Correction must be dismissed

because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

any law shall be brought in the name of the city of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010)

("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff also names the City of New York. When a plaintiff sues a municipality under

Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees

or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself

caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011)

("A municipality or other local government may be liable under . . . section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692

(1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a

Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice

caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691

F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal

citations omitted).

Plaintiff provides no facts suggesting that a municipal policy, custom, or practice contributed to the violation of his constitutional rights. The Court dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted.

## C.    Claims Under Criminal Statutes

The Court must dismiss Plaintiff's claims arising under 18 U.S.C. §§ 241, 242, and 245, which are federal criminal statutes. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims Plaintiff may be asserting in which he seeks criminal charges for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

## D.    Addition of Bronx County District Attorney Darcel Clark

The Court construes the complaint as challenging the constitutionality of a New York State statute restricting gun ownership rights, and thus substitutes Bronx County District Attorney Darcel Clark for the State of New York under Federal Rule of Civil Procedure 21. *See Goldstein v. Hochul*, 680 F. Supp. 3d 370, 383 (S.D.N.Y. 2023) ("Courts in this Circuit have held that district attorneys are proper defendants in suits challenging the constitutionally of state laws.") (quoting *Sibley v. Watches*, 460 F. Supp. 3d 302, 322 (W.D.N.Y. 2020)). This substitution is without prejudice to any defenses the Bronx County District Attorney might assert.

### E.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants: (1) Bronx County District Attorney Darcel Clark; (2) Detective Kareem Anderson; and (3) the following New York City Police Officers from the 50th Precinct: Gutierrez; Clores (or "C. Lores"); Lavigat; Acevedo; Ortega; and Pepdjonovic through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**CONCLUSION**

For the reasons set forth in his order, the Court dismisses: (1) Plaintiff's challenges to Family Court orders or judgments; and (2) Plaintiff's claims against Court Referee Pamela Scheininger, the "New York City Family Courts," the New York City Department of Correction, and the City of New York. The Court directs the Clerk of Court to amend the caption of this action to replace the State of New York with Bronx County District Attorney Darcel Clark. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for (1) Bronx County District Attorney Darcel Clark; (2) Detective Kareem Anderson; and (3) the following New York City Police Officers from the 50th Precinct: Gutierrez; Clores (or "C. Lores"); Lavigat; Acevedo; Ortega; and Pepdjonovic; complete the USM-285 form with the addresses for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff may receive court documents by email by consenting to electronic service.[2] The consent to electronic service form and instructions on the email service are both available on the Court's website at nysd.https://nysd.uscourts.gov/uscourts.gov.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   October 10, 2024
      New York, New York

                                 VERNON S. BRODERICK
                                United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Detective Kareem Anderson, Badge No. 6556
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

2.      New York City Police Officer Gutierrez, Badge No. 15714
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

3.      New York City Police Officer Clores (or "C. Lores"), Badge No. 11034
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

4.      New York City Police Officer Lavigat, Badge No. 10878
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

5.      New York City Policer Officer Acevedo, Badge No. 5491
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

6.      New York City Police Officer Ortega, Badge No. 3669
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

7.      Officer Pepdjonovic, Badge No. 19746
        50th Precinct
        3450 Kingsbridge Ave.
        Bronx, NY 10463

8.      Bronx County District Attorney Darcel Clark
        Bronx County District Attorney' s Office
        198 East 161st Street, 10th Floor
        Bronx, New York 10451