```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TYRE FRED NEWSOME,                                          :
                                                            :
                                Plaintiff,                  :
                                                            :    24-CV-5265 (VSB) (GS)
                - against -                                 :
                                                            :    OPINION & ORDER
                                                            :
THE NEW YORK CITY FAMILY COURT,                             :
et al,                                                      :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

Appearances:

Tyre Fred Newsome
New York, NY
*Pro Se Plaintiff*

Joseph Peter Zangrilli
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Tyre Fred Newsome seeks multiple forms of injunctive relief against Pamela Scheininger, Crystal Villaseñor, and the New York City Family Court. Over a ten-day period, Plaintiff filed four emergency petitions or motions, all of which seek to vacate orders of the New York City Family Court regarding Plaintiff and to reinstate his parental rights and visitation with his children, although the particulars of each petition or motion differ. For the reasons that follow, Plaintiff's motions for injunctive relief are DENIED, and the claims against Pamela Scheininger, Crystal Villaseñor, and the New York City Family Court are DISMISSED.

I.    **Background**

Plaintiff filed this action on July 7, 2024. (Doc. 1.) This case was originally assigned to Chief Judge Laura Taylor Swain, who granted Plaintiff's request to proceed *in forma pauperis*— that is, without the payment of court fees—on September 19, 2024. (Doc. 8.) On October 9, 2024, this case was reassigned to me. The following day, I issued an Order of Service, construing the pro se Complaint liberally to: (1) challenge the outcome of the New York City Family Court ("Family Court") proceedings based on alleged fraud and retaliation by that court; (2) assert claims of false arrest, malicious prosecution, and abuse of process; and (3) challenge, under the Second Amendment, a provision of an order of protection that allegedly eliminated Plaintiff's right to bear arms. (Doc. 10 ("Order of Service") at 1.) In the same order, I dismissed Plaintiff's claims seeking review of pending or final state court orders and dismissed claims against court referee Pamela Scheininger, the New York City Family Court, the City of New York, and the New York City Department of Corrections. (*Id.* at 11.)

On December 12, 2024, I referred this case to Magistrate Judge Gary Stein for general pretrial management. (Doc. 19.) On January 22, 2025, Plaintiff filed an amended complaint. (Doc. 27.) Although Plaintiff's amendment was untimely under Federal Rule of Procedure 15(a)(1) and he did not seek leave of court or Defendants' consent under Rule 15(a)(2), Counsel for New York City Police Officer Defendants Niurky Lavigat, Anthony Pepdjonovic, Manuel Gutierrez, Tiara Acevedo, and Mariela Ortega ("Officer Defendants") did not object except to the extent Plaintiff attempted to revive claims dismissed in the Order of Service. (Doc. 29.) Therefore, Magistrate Judge Stein clarified the time to respond to the amended complaint, (Doc. 32), and the Officer Defendants filed a motion to dismiss the amended complaint on February 12, 2025, (Doc. 34).

On April 2, 2025, Plaintiff filed a second amended complaint. (Doc. 42 ("Second Amended Complaint" or "SAC").) Although Plaintiff again failed to comply with Federal Rule of Civil Procedure 15, the Officer Defendants did not object. (Doc. 43.) Magistrate Judge Stein granted Plaintiff leave to file the Second Amended Complaint *nunc pro tunc*, making it the operative complaint in this action. (Doc. 44.) The Second Amended Complaint provides no specific information about the events that allegedly support the claims in this lawsuit, instead it makes general statements impugning the New York Family Court System.

Since the filing of the Second Amended Complaint, Plaintiff has filed approximately 20 motions, notices, proposed orders, or other requests, in addition to legal memoranda, personal declarations, and letters. (*See* Docs. 45–72, 74–80.) As relevant here, Plaintiff filed a motion for preliminary injunctive relief on April 13, 2025, seeking to enjoin the "Family Court, Pamela Scheininger ("Scheininger"), a court referee in the Family Court, and all named or unnamed state actors from (a) initiating or continuing any proceedings against Plaintiff under any unlawful or extrajudicial orders; (b) enforcing any orders purportedly issued without valid judicial authority; (c) using or authorizing law enforcement to detain, arrest, or surveil Plaintiff in connection with said orders; and (d) interfering with Plaintiff's parental rights without a valid judgment from a lawfully convened and competent court. (Doc. 46.) This motion was accompanied by Plaintiff's declaration, (Doc. 47), and a memorandum of law, (Doc. 48). Two days later, Plaintiff filed a petition seeking the immediate issuance of a writ of quo warranto challenging court referee Scheininger's exercise of judicial power, a writ of mandamus seeking an order to compel various actions by the Family Court, and a writ of habeas corpus seeking an order compelling reunification with his children. (Doc. 53.) On April 19, 2025, Plaintiff moved for an injunction vacating Family Court orders against him, reinstating his custody, dissolving the corporate

charter of the Family Court, and granting other related relief. (Docs. 65, 68.) On April 23, 2025, Plaintiff moved for a temporary restraining order and preliminary injunction preventing enforcement of any Family Court orders, declaring null and void all orders issued by Scheininger and Crystal Villaseñor ("Villaseñor"), the court referee who replaced Scheininger, ordering the reinstatement of Plaintiff's custody, and awarding damages, amongst other things. (Doc. 74.) Defendants then filed a letter seeking guidance on how to respond to Plaintiff's barrage of filings. (Doc. 73.)

On May 6, 2025, Magistrate Judge Stein issued an order, (Doc. 84), denying Plaintiff's various requests to amend the Second Amended Complaint, (Docs. 45, 51, 55, 58, 59), and directing the Officer Defendants to respond only to the Second Amended Complaint. That same day, the Officer Defendants filed their motion to dismiss the Second Amended Complaint. (Doc. 81.) In accordance with Magistrate Judge Stein's order, Plaintiff has until June 6, 2025 to file his opposition. (Doc. 84.)

## II.     **Legal Standards**

As this case is brought *in forma pauperis*, I must dismiss this case "at any time" if I determine that this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To obtain a preliminary injunction or a temporary restraining order, the movant "must make a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (internal quotation marks omitted). "A preliminary injunction is an 'extraordinary'

4

equitable remedy that is 'never awarded as of right.'" *Id.* at 345–46 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Of these factors, irreparable harm is the most important, for if there is no finding of irreparable harm, an injunction cannot issue. *See USA Recycling, Inc. v. Town of Babylon,* 66 F.3d 1272, 1294–95 (2d Cir. 1995).

Courts afford a special solicitude to motions brought by pro se litigants. *See Quadir v. N.Y. State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (citing *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). However, this "less stringent standard[]" does not "excuse frivolous or vexatious filings by *pro se* litigants," *Iwachiw* v. *N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (internal quotation marks omitted), nor does it "exempt [a pro se litigant] from compliance with relevant rules of procedural and substantive law," *Triestman* v. *Fed. Bur. of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.  Discussion

Plaintiff's motions for injunctive relief are primarily a reassertion of claims that were dismissed in my Order of Service against defendants who were similarly dismissed. To the extent the Second Amended Complaint attempts to revive these claims against these defendants[1], it does not contain any new allegations that make these claims against these defendants viable. A generous interpretation of Plaintiff's assertion of previously dismissed claims is that Plaintiff is moving for reconsideration of my Order of Service. Under Local Civil Rule 6.3, a motion for

---

[1] Plaintiff's Second Amended Complaint does not clearly identify each defendant, instead saying that "Defendants include the NYC Family Court System, specific judges, attorneys, court-appointed guardians ad litem, referees, contractors, child protective services, and affiliated institutions." (SAC ¶ 8.)

reconsideration must be served within 14 days after the entry of the court's order being challenged. Here, the Order of Service was filed on October 10, 2024, and Plaintiff's first motion was filed on April 13, 2025. Thus, Plaintiff's motions are not remotely timely, nor do they meet the other criteria for a motion for reconsideration set out in Local Civil Rule 6.3[2]. Nonetheless, I will address not only the motions for injunctive relief, but where appropriate, I will reiterate the conclusions in my Order of Service and clarify that certain defendants and claims are dismissed from this action.

### A. Family Court Proceedings

As I previously stated in the Order of Service, I will abstain from hearing any requests for injunctive or declaratory relief with respect to Family Court matters. To the extent Family Court proceedings against Plaintiff are ongoing, abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. 401 U.S. at 54. The *Younger* abstention doctrine has been extended to certain state-court civil proceedings, including civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (citation omitted). This category of state-court civil proceedings warranting *Younger* abstention includes Family Court proceedings because "the way that New York courts manage their own divorce and custody proceedings [is] a subject in which '[New York has] an especially strong interest.'" *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427–28 (2d

---

[2] Local Rule 6.3 requires the moving party to submit a notice of motion for reconsideration, accompanied by a memorandum "setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."

Cir. 2015) (citation omitted).  Although Plaintiff insists that the Family Court proceedings are unfair and corrupt, he alleges no facts supporting this contention.  There is therefore no basis to find special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate, and I must abstain from interfering with ongoing Family Court proceedings.

If the Family Court matters at issue have concluded, I lack jurisdiction to grant relief.  Congress has vested appellate jurisdiction over state-court judgments raising issues of federal law with the United States Supreme Court.  *See* 28 U.S.C. § 1257.  The Supreme Court has held that federal courts at the district and circuit level are barred from reviewing final judgments of state courts, under the *Rooker-Feldman* doctrine, named after two seminal cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered.  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (cleaned up).  Although Plaintiff provides very little factual information about the Family Court proceedings, his allegations suggest that:  (1) he lost in Family Court, (*see, e.g.*, Doc. 65 at 2); (2) he was injured by the decisions issued by the Family Court, (*id.*); (3) he seeks review of the Family Court decisions, (*id.*); and (4) a judgment may have been entered against him before he commenced the instant lawsuit, (*id.*).  Therefore, I lack jurisdiction under the *Rooker-Feldman* doctrine.

Insofar as Plaintiff seeks to enjoin future action, such requests are not ripe for judicial resolution.  (*See* Doc. 46 at 4 ("Plaintiff respectfully requests that the Court issue a preliminary

7

injunction enjoining [the Family Court, Scheininger, and others] from initiating . . . any proceedings against Plaintiff under any unlawful or extrajudicial orders").) "To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993)). "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks omitted). Such is the case here. Plaintiff alleges no facts indicating that the Family Court is imminently planning to initiate new proceedings against him, and thus his request is not ripe because it seeks to enjoin events that may not occur at all.

Plaintiff additionally seeks a writ of mandamus compelling the Family Court to perform certain actions and a writ of habeas corpus compelling his reunification with his children. (*See* Doc. 53 at 2–3.) As to the request for the writ of mandamus, I lack authority to issue a writ compelling the Family Court to perform certain actions. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("[W]e would lack jurisdiction . . . [i]f [petitioner] had expressly sought relief in the nature of mandamus" because "[t]he federal courts have no general power to compel action by state officials."). With regard to the habeas request, a writ of habeas corpus cannot be maintained here because Plaintiff does not allege facts showing that his children are in state custody. Even if Plaintiff had made such a showing, "[t]he Supreme Court has held that federal habeas corpus jurisdiction . . . may not be invoked to challenge the constitutionality of a state child custody decision." *Best v. City of New York*, No. 17-CV-7874, 2014 WL 163899, at *9 (S.D.N.Y. Jan. 15, 2014) (citing *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511–12, 515–16 (1982); *Middleton v. Att'ys Gen. of the States of N.Y. & P.A.*, 396 F.3d 207,

209 (2d Cir. 2005)). Thus, neither a writ of mandamus nor a writ of habeas corpus can be maintained here.

To the extent Plaintiff seeks monetary damages against the Family Court, such a request is barred by the Eleventh Amendment. "As a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (cleaned up). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (cleaned up). The Family Court, as a part of the New York State Unified Court System, is an arm of the State of New York. *Id*. at 368 (explaining that the Family Court is part of the New York State Unified Court System and "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity" (citation omitted)). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Any Section 1983 claim for damages raised by Plaintiff against the New York City Family Court System is therefore barred by the Eleventh Amendment.

In sum, Plaintiff's requests to enjoin past, present, or future Family Court proceedings are DENIED, and Plaintiff's challenges to Family Court orders or judgments in the Second Amended Complaint are DISMISSED. Plaintiff's request for a writ of mandamus and a writ of habeas corpus is DENIED. Any damages claim against the Family Court in the Second Amended Complaint is DISMISSED for lack of jurisdiction.

B.  *Court Referees*

Court referees in the New York City Family Court System are protected by judicial immunity.  "[T]he touchstone for [determining the applicability of judicial immunity] has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."  *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993) (internal quotation marks omitted).  Although Plaintiff provides little detail about the role of court referees Scheininger or Villaseñor played in proceedings[3], the New York City Family Court website states that "[s]ome cases such as custody, visitation and orders of protection are conducted by a referee who may hear and decide the case, and issue temporary and final orders."  New York City Family Court, *Who's Who in the Courtroom?*, https://ww2.nycourts.gov/COURTS/nyc/family/whoswho.shtml#ref (last visited May 23, 2025).  Given that the role of court referees is to "hear and decide the case," they fit squarely within the scope of the judicial immunity doctrine described by the Supreme Court in *Antoine*.  *See also Holbert v. Cohen-Gallet*, No. 05-CV-1281, 2006 WL 47452, at *6 (E.D.N.Y. Jan. 9, 2006) ("[Defendant], who serves as a Referee in the . . . Family Court System, is a judicial officer, and is therefore entitled to immunity for judicial acts that are not in the clear absence of all jurisdiction."); *Wilson v. Wilson-Polson*, No. 09-CV-9810, 2010 WL 3733935, at *6 (S.D.N.Y. Sept. 23, 2010) (finding that Family Court referee's actions were protected by judicial immunity (citing *Antoine*, 508 U.S. at 435–36)), *aff'd*, 446 F. App'x 330 (2d Cir. 2011).

Plaintiff also seeks a writ of quo warranto "compelling Defendants to demonstrate by

---

[3] My Order of Service did not address the application of the judicial immunity doctrine to court referee Crystal Villaseñor because she was not a named defendant in the initial complaint.  Although she is not named in the Second Amended Complaint either, Plaintiff seeks injunctive relief against her in the temporary restraining order and preliminary injunction motion, (Doc. 74), where he refers to her both as Crystal Villaseñor and Yudelka Villaseñor.  In light of the special solicitude afforded to pro se litigants, I interpret the Second Amended Complaint to raise claims against Villaseñor when it refers to "referees" and I therefore include Villaseñor in this analysis.

10

what lawful authority Pamela Schieninger [sic] exercised judicial powers while not serving as a duly appointed or elected judge." (Doc. 53 at 2.) A quo warranto action, codified at N.Y. Exec. L. § 63–b, does not create a private right of action. *See Shannon v. Jacobowitz*, 301 F. Supp. 2d 249, 254–56 (N.D.N.Y. 2003) (explaining process of quo warranto action). Instead, it allows the Attorney General of the State of New York, at his or her discretion, to file an action in New York state court against "a person who usurps, intrudes into, or unlawfully holds or exercises within the state a franchise or public office." N.Y. Exec. L. § 63–b. Therefore, Plaintiff cannot maintain a quo warranto action in this court.

Court referees are immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 11 (citations omitted). Although judicial immunity does not apply when a court referee takes action "outside" her judicial capacity, or when the court referee takes action that, although judicial in nature, is taken "in absence of jurisdiction," *Id.* at 11–12; *see also Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009) (describing actions that are judicial in nature), Plaintiff does not allege any facts suggesting that court referees Scheininger or Villaseñor acted beyond the scope of their judicial responsibilities or outside their jurisdiction.

Therefore, Plaintiff's requests for injunctive relief against court referees Scheininger and Villaseñor are DENIED, Plaintiff's request for a writ of quo warranto is DENIED, and court referees Scheininger and Villaseñor are DISMISSED from this action.

### C. *Department of Correction and City of New York*

It does not appear that Plaintiff moves to enjoin any action of the New York City Department of Correction or the City of New York, nor does Plaintiff's Second Amended Complaint specifically name either entity as a defendant. For the avoidance of doubt, however, any claims that Plaintiff seeks to renew against the New York City Department of Correction or the City of New York in the Second Amended Complaint are hereby DISMISSED for the reasons set forth in my Order of Service, (*see* Order of Service at 8–9), and therefore any requests for injunctive relief against these entities are DENIED.

### D. *Damages*

Although Plaintiff's motions are focused on injunctive relief, there is at least one request for damages. (*See* Doc. 74 at 12–13 ("Wherefore, the Plaintiff respectfully requests that this Court award Plaintiff compensatory and punitive damages for the unlawful deprivation of his constitutional rights.").) To the extent that Plaintiff is seeking damages against an entity that has not been dismissed from this action in this Opinion & Order, a motion for emergency injunctive relief is not the appropriate vehicle to seek such damages. "In order to justify the award of a preliminary injunction, the moving party must demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief." *Sal Tinnerello & Sons, Inc. v. Town of Stonington*, 141 F.3d 46, 51–52 (2d Cir. 1998) (citation omitted). By definition, irreparable harm is that which "cannot be remedied by an award of monetary damages." *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation marks omitted). Plaintiff's request for money damages demonstrates that there is no irreparable harm, and therefore dooms the request for an emergency injunction. *Cf. Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019) ("[I]f a party fails to show irreparable harm, a

court need not even address the remaining elements [of the preliminary-injunction analysis].").
Therefore, to the extent Plaintiff's motions for injunctive relief request damages, the motions are
DENIED.

## IV.     Conclusion

Plaintiff's claims challenging Family Court orders or judgments are hereby DISMISSED. Plaintiff's claims against Pamela Scheininger, Crystal Villaseñor, the New York City Family Court, the New York City Department of Correction, and the City of New York are DISMISSED.[4]  The Clerk of Court is respectfully directed to terminate Defendants Pamela Scheininger, Crystal Villaseñor, the New York City Family Court, the New York City Department of Correction, and the City of New York from the docket.

As the majority of the claims underlying the requests for injunctive relief are dismissed and Plaintiff fails to demonstrate irreparable harm as to any remaining claims, Plaintiff's motions for injunctive relief are DENIED.  Plaintiff's petition for a writ of quo warranto, a writ of mandamus, and a writ of habeas corpus is DENIED.  The Clerk of Court is respectfully directed to terminate Docs. 46, 53, 65, and 74.

As Magistrate Judge Stein noted in his May 6, 2025 Order, (*see* Doc. 84 at 3), Plaintiff is warned that if he continues to file unsupported, duplicative motions based on claims that have already been dismissed and which lack a basis in law, he risks being sanctioned.  *See, e.g.*, *Keitel v. D'Agostino*, No. 21-CV-8537, 2023 WL 4549527, at *3 (S.D.N.Y. July 14, 2023) (imposing sanctions on pro se plaintiff and warning that "if he continues to file frivolous submissions before this Court attempting to relitigate the same issues this Court has already decided, the

---

[4] To the extent that the Second Amended Complaint could be read as asserting claims against the Officer Defendants, this Opinion & Order does not address such claims, including how, if at all, the dismissal of the claims and other defendants by this Opinion & Order might impact the claims against the Officer Defendants.  Any such claims will be addressed in a separate Opinion & Order resolving the motion to dismiss.  (*See* Doc. 81.)

Court will impose a filing injunction on [plaintiff] and will not hesitate to impose additional monetary sanctions"); *In re Taneja*, No. 17-CV-5618, 2018 WL 1831853, at *5 (S.D.N.Y. Apr. 16, 2018) (admonishing plaintiff "to refrain from making further frivolous filings" and imposing sanctions).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

Dated: May 27, 2025
   New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge