UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYRE FRED NEWSOME,

                      Plaintiff,                  **24 Civ. 5265 (VSB) (GS)**

          -against-                               **ORDER**

OFFICER GUTIERREZ, et al.,

                     Defendants.
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

       Plaintiff, who is proceeding *pro se* and has already amended his complaint twice in this case, submitted a motion for leave to file an "Omnibus Supplemental Complaint" on September 8, 2025 (Dkt. No. 87 (the "Sept. 2025 Complaint")), followed by another "Amended Complaint for Declaratory Relief, Damages, and Injunctive Relief," amending his Sept. 2025 Complaint, on October 13, 2025 (Dkt. No. 88 (the "Oct. 2025 Complaint")). For the reasons set forth below, the Court **DENIES** Plaintiff leave to file the Sept. 2025 Complaint or the Oct. 2025 Complaint.

## BACKGROUND

       Plaintiff filed his original Complaint on July 7, 2024 (Dkt. No. 1) and then filed his First Amended Complaint ("FAC") on January 22, 2025. (Dkt. No. 27). Defendants filed a motion to dismiss the FAC on February 12, 2025. (Dkt. No. 34). Plaintiff filed his Second Amended Complaint ("SAC") on April 2, 2025 without seeking leave of the Court (Dkt. No. 42). As noted in Court's April 9, 2025 Order, Plaintiff filed his SAC in violation of Rule 15(a)(1) of the Federal Rules of Civil

Procedure which allows a plaintiff to amend only once as a matter of course. (*See* Dkt. No. 44 at 3); Fed. R. Civ. P. 15(1). Nonetheless, the Court granted Plaintiff leave to file his SAC, deeming the SAC to be the operative complaint and denying Defendants' motion to dismiss the FAC as moot. (*Id.*). The April 9 Order, however, also expressly advised Plaintiff that the Court "will not permit further amendments absent a showing of good cause." (*Id.*).

Thereafter, Plaintiff filed several new motions and requests seeking to amend the SAC to add new causes of action, allegations, and defendants. (Dkt. Nos. 45, 51, 55, 58, 59). On May 6, 2025, Defendants filed a motion to dismiss the SAC. (Dkt. No. 81). On that same date, the Court issued an Order denying Plaintiff's motions and requests to amend the SAC, finding "there is no good cause for any of these proposed amendments at this time." (Dkt. No. 84 at 2). The Court explained that "Plaintiff has already amended his complaint twice" and that "Defendants are entitled to have a single complaint they can move against, rather than contending with a moving target." (*Id.*). The May 6, 2025 Order further directed Plaintiff to file his opposition to Defendants' motion by June 6, 2025, and advised Plaintiff that if he believed he should be allowed to amend the SAC, he should state as much in his opposition brief and explain the proposed amendments with specificity. (*Id.*).

Plaintiff did not file an opposition brief in response to Defendants' motion by June 6, 2025, or at any time. However, on September 8, 2025, Plaintiff filed the Sept. 2025 Complaint, together with a "Motion to Amend Caption and Reinstate Defendants Under FCRP 15, 21, and 60(b)(3)." (Dkt. No. 87). The motion seeks

2

leave to reinstate Pamela Scheininger ("Scheininger"), a New York City Family Court referee, and the New York City Family Court ("Family Court") as defendants in this action. (*Id*. at 5-8). Plaintiff had previously named Scheininger and the Family Court as defendants, but in an October 10, 2024 Order, Judge Broderick dismissed the claims against Scheininger on the basis of judicial immunity and dismissed the claims against the Family Court on the basis of Eleventh Amendment immunity. (Dkt. No. 10 at 5-8). Judge Broderick subsequently reaffirmed those rulings in an Opinion & Order issued on May 27, 2025, after Plaintiff renamed Scheininger and the Family Court as defendants in the SAC. (Dkt. No. 85 at 13). Newsome claims in the Sept. 2025 Complaint that Scheininger and the Family Court should be reinstated based on "newly clarified facts and ultra vires conduct," citing a July 9, 2025 order issued by Family Court Judge Crystal Villasenor. (Dkt. No. 87 at 5-6).

In his Oct. 2025 Complaint filed on October 13, 2025, Newsome claims that he was unlawfully arrested on September 4, 2025 and again on October 8, 2025 and adds claims against a New York City Police Officer and a Court Officer who were involved in those arrests. (Dkt. No. 88 at 1, 6). The first arrest took place in connection with an alleged violation by Newsome of an order of protection in the Family Court case, and the second arrest took place in the courthouse in connection with a Family Court proceeding. (*Id*. at 1, 4-5, 6). The Oct. 2025 Complaint also adds allegations concerning proceedings in the Family Court that took place after Newsome filed a motion on May 21, 2025 challenging service, jurisdiction, and

3

Scheininger's authority as referee (which led to Judge Villasenior's July 9 order). (*Id.* at 4-6).

## DISCUSSION

Plaintiff moves for leave to amend under Rule 15(a)(2) (*see* TAC at 6), which provides that, after a party has amended its pleadings once as of right, a subsequent amendment is permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] As Plaintiff's proposed amendments include allegations that concern occurrences which took place after the filing of the SAC on April 2, 2025, Rule 15(d) is also applicable. That rule provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Permission to file supplemental pleadings under Rule 15(d) may be granted 'when the supplemental facts connect it to the original pleading.'" *Andino v. Fischer*, 698 F. Supp. 2d 362, 372 (S.D.N.Y. 2010) (citation omitted).

"Leave to amend may be denied for a wide variety of reasons, including undue delay, bad faith, undue prejudice to the opposing party, or futility." *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 306 (E.D.N.Y. 2007) (citing *Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir. 1994)). "Although

---

[1] Although Plaintiff's Oct. 2025 Complaint was not accompanied by a motion seeking leave to file it, the Court will generously assume that Plaintiff's previously filed motion for leave to file the Sept. 2025 Complaint applies to the Oct. 2025 Complaint as well. When it was filed, the Oct. 2025 Complaint was described on the docket as "amending" the Sept. 2025 Complaint. (*See* Dkt. Entry dated Oct. 13, 2025).

4

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Likewise, under Rule 15(d), district courts may "in their discretion grant 'supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.'" *Andino*, 698 F. Supp. 2d at 373 (quoting *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989)).

When the Court permitted Plaintiff to amend his complaint for a second time through the filing of the SAC, it cautioned Plaintiff that no further amendments would be allowed, prior to a ruling on Defendants' motion to dismiss, absent a showing of good cause.  (Dkt. No. 44 at 3).  Plaintiff has failed to show good cause for his proposed Sept. 2025 Complaint, which seeks to "reinstate" Scheininger and the Family Court as defendants.  Nor is the standard for granting leave to amend under Rule 15(a)(2) satisfied.

The Sept. 20, 2025 filing is, in substance, an attempt to undo Judge Broderick's prior rulings dismissing Plaintiff's claims against Scheininger and the Family Court.  Plaintiff alleges that Judge Villasenor's July 9, 2025 order "demonstrate[s]" that Referee Scheininger's prior orders were "based on fraudulent findings of fact" and were "issued ultra vires." (Dkt. No. 87 at 6).  But as Plaintiff elsewhere describes it, the July 9, 2025 order merely "granted [Plaintiff's May 21

5

motion] in part and scheduled a traverse hearing," thereby "acknowledging that jurisdiction is in dispute." (Dkt. No. 88 at 6). Nor does Plaintiff explain how, even if Sheininger issued an improper order, she would lose her entitlement to judicial immunity (*see* Dkt. No. 10 at 6; Dkt. No. 85 at 10 (explaining broad scope of judicial immunity doctrine)), or the Family Court would lose its entitlement to Eleventh Amendment immunity. But even if Plaintiff did have a basis for claiming that subsequent developments in the Family Court have undermined the rationale for Judge Broderick's dismissals of Scheininger and the Family Court, the proper remedy would be for Plaintiff to seek reconsideration of Judge Broderick's prior rulings, not to file an amended complaint.

As it appears that the gravamen of Plaintiff's proposed Oct. 2025 Complaint arises from events post-dating the SAC, the Court primarily analyzes this proposed pleading under the standard applicable to supplemental proceedings under Rule 15(d). Here, permitting supplementation will not promote the economic and speedy disposition of the controversy between the existing parties. To the contrary, Plaintiff seeks to expand the scope of this lawsuit to add new parties. More importantly, allowing amendment before the resolution of Defendants' motion to dismiss would cause undue delay and prejudice Defendants by forcing them, once more, to file yet another motion to dismiss—despite the fact that Plaintiff has put forth *no* opposition to Defendants' pending motion to dismiss. *See Andino*, 698 F. Supp. 2d at 373-74 (denying supplementation under Rule 15(d) where it would not "aid in the efficient resolution of the instant action"). Plaintiff should not be

permitted to supplement the SAC unless and until it has been determined that the SAC itself alleges viable claims as a matter of law.[2]

Plaintiff's motion for leave to amend and/or supplement the SAC is therefore **DENIED**.

**SO ORDERED.**

DATED:    New York, New York
          November 13, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

---

[2] To the extent the Oct. 2025 Complaint includes allegations that amend (rather than supplement) the SAC, the Court likewise finds that Plaintiff has failed to show good cause for the amendment or that it should be permitted under Rule 15(a)(2).