UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TYRE FRED NEWSOME,                                         :
                                                           :
                                    Plaintiff,             :
                                                           :          24-CV-5265 (VSB) (GS)
                    - against -                            :
                                                           :              **ORDER**
                                                           :
THE NEW YORK CITY FAMILY COURT,                            :
*et al.*,                                                  :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On May 27, 2025, I issued an Opinion & Order denying "Plaintiff's motion for injunctive relief," and dismissing all claims against "Pamela Scheininger, Crystal Villaseñor, and the New York City Family Court."  (Doc. 85 ("Op.") at 1.)  As I explained, "I will abstain from hearing any requests for injunctive or declaratory relief with respect to Family Court matters," because "abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971)," and "the *Rooker-Feldman* doctrine."  (*Id.* at 6–7.)

On March 6, 2026, I issued a short order requesting that Plaintiff file a letter indicating whether he continued to seek "any of the relief requested in Docs. 69, 72, and 80," in light of my May 27, 2025 Opinion & Order.  (Doc. 94.)  In a letter filed on March 12, 2026, Plaintiff argued that "abstention no longer applies," because "Family Court Judge Villaseñor vacated the October 21, 2022 referee orders" on March 11, 2026, which he claims means that *Rooker-Feldman* and *Younger* do not apply.  (Doc. 95 at 1–2 (capitalization altered).)  Plaintiff argues that a Tenth Circuit case, *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *4 (10th Cir. July 22, 2025), *cert. denied*, 2026 WL 189804 (U.S. Jan. 26, 2026), supports injunctive and declaratory

1

relief with regard to the Family Court action.  (Doc. 95 at 1.)  Plaintiff is incorrect for several reasons.  First, *Bellinsky* is not binding on me.  Second, *Bellinsky* merely held that the District Court had erred in finding that *Younger* applied without "consider[ing] whether the underlying domestic relations case had fallen into a *Sprint* category," and remanded for the District Court to consider the impact of *Sprint*.  2025 WL 2047809 at *4–5.  However, in my Opinion & Order, I expressly addressed *Sprint*, (Op. 6), and found that because Family Court proceedings "implicate a State's interest in enforcing the orders and judgments of its courts," (*id.* (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (citation omitted))), *Younger* abstention applied.  (*See also id.* at 6–7 ("This category of state-court civil proceedings warranting *Younger* abstention includes Family Court proceedings because 'the way that New York courts manage their own divorce and custody proceedings [is] a subject in which [New York has] an especially strong interest.'" (citing *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427–28 (2d Cir. 2015)))).)

Further, Plaintiff's claim that there are no "ongoing state family proceedings," (Doc. 95 at 1), is belied by his own arguments and the documents he attached to his letter that purportedly support his arguments.  Plaintiff points out that the state court is undertaking "continued enforcement—via a June 10, 2026 hearing," (Doc. 95 at 2), and the exhibit he attaches as proof that *Younger* abstention does not apply specifically states that Plaintiff and Patricia De La Cruz are "directed to appear in person for trial on Ms. De La Cruz's Family Office Petition" on that June 10, 2026 date, (Doc. 95-9 at 4 (cleaned up)).  Rather than indicating that there is no longer an ongoing Family Court proceeding, these facts demonstrate the continuation of the Family Court matter and further reinforce my conclusion in my Opinion & Order that "I must abstain from interfering with ongoing Family Court Proceedings," and *Younger* abstention applies.  (Op.

7.)

In addition, to the extent Plaintiff's motion is seeking reconsideration of my Opinion & Order,[1] such a request is untimely, as "[a] motion [filed] under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[A] Rule 60(b)(1) motion challenging a district court's purported error of law is ordinarily not made within a reasonable time if it is filed after the deadline for appealing the same underlying order or judgment." *Acklin v. Eichner*, No. 20-CV-7042, 2024 WL 4826799, at *5 (S.D.N.Y. Nov. 18, 2024) (internal quotation marks omitted), *aff'd*, No. 25-3-CV, 2025 WL 3640223 (2d Cir. Dec. 16, 2025) (summary order). Because the deadline for appealing the underlying Opinion & Order has long since passed, *see* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"), and no special circumstances "weigh[] against deviating from the default rule that Rule 60(b)(1) motions raising issues that can be pursued on appeal must be filed within the time to appeal," such a request would be untimely, *Acklin*, 2024 WL 4826799, at *6. In any event, such a request would also be based on new arguments which cannot be considered on a motion for reconsideration. *Alvarado v. City of New York*, 482 F. Supp. 2d 341, 344 n.2 (S.D.N.Y. 2007) ("[O]n a motion for reconsideration a party may not raise new arguments." (citing *Pasha v. William M. Mercer Consulting, Inc.*, 2004 WL 1474694, at *1 (S.D.N.Y. June 30, 2004))).

The Clerk of Court is respectfully directed to terminate the motions at Docs. 69, 72, 80 as they seek declaratory and injunctive relief that are beyond my remit, as I explained in my

---

[1] No such request is apparent from the face of the letter motion. (Doc. 95.) However, pro se complaints are afforded "special solicitude" and must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Nonetheless, a pro se litigant is "still obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006).

Opinion & Order.  (*See* Op.)  Plaintiff's substantive arguments and request for leave to amend his complaint will be addressed separately.

SO ORDERED.

Dated: March 13, 2026
        New York, New York

Vernon S. Broderick
United States District Judge